## Homer WATERHOUSE

### v.

### Heber A. SMITH, Jr.

Supreme Judicial Court of Maine.

Argued May 10, 1989.

Decided July 17, 1989.

Robert N. Cyr (orally), Biddeford, for plaintiff.

James B. Bartlett (orally), York, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant, Heber Smith, Jr., appeals from a judgment of the Superior Court (York County, *McKinley, J.*) rendered in favor of plaintiff, Homer Waterhouse. The litigation concerns the location of a boundary line separating properties belonging to plaintiff and defendant. Defendant principally argues on appeal that plaintiff failed to satisfy his burden of proof in locating the boundary line. Finding no error, we affirm.

Plaintiff and defendant own adjoining parcels of land on the northwesterly side of Route 1 in the Town of Arundel. They dispute the location of the boundary line dividing their land and, consequently, the ownership of a parcel of land having approximately 400 feet of frontage on the highway. The Superior Court upheld plaintiff's title to the disputed parcel.

This Court has often described the scope of its review in a boundary dispute as follows: "*What* are the boundaries of land conveyed by a deed, is a question of law. *Where* the boundaries are, is a question of fact." *Kinney v. Central Maine Power Co.*, 403 A.2d 346, 350 (Me.1979) (quoting *Abbott v. Abbott*, 51 Me. 575, 581 (1863)) (emphasis in the original). Where there is no dispute as to the meaning of a deed but rather a conflict between or among deeds,

the trial justice must resolve "which among these possible locations on the face of the earth is to be selected. This kind of determination is not one of *law*, it is, rather, a determination of fact." *Bazinet v. Howe*, 427 A.2d 494, 497 (Me.1981). (emphasis in the original).

In the present case the parties do not question the interpretation of any instrument but dispute the correct location of the boundary line on the face of the earth. On appeal, the factual finding as to the location of the disputed boundary will stand unless clearly erroneous. *Hodgdon v. Campbell*, 411 A.2d 667, 672 (Me.1980). We have explained the clearly erroneous rule in the following terms:

> The essential impact of the 'clearly erroneous' rule is that the trial judge's findings stand unless they clearly cannot be correct because there is no competent evidence to support them. An appellate court can reverse a finding of fact only where (1) there is no competent evidence in the record to support it, or (2) it is based upon a clear misapprehension by the trial court of the meaning of the evidence, or (3) the force and effect of the evidence, taken as a total entity, rationally persuades to a certainty that the finding is so against the great preponderance of the believable evidence that it does not represent the truth and right of the case.

*Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981). When this deferential standard is applied to the facts of the present case, it is apparent that the trial justice committed no error. A title examiner completed title abstracts on the properties of both plaintiff and defendant and traced the titles back to the early part of the 19th century. On the basis of his research, he testified that the boundary line between the two properties was in the location claimed by plaintiff and that plaintiff holds title to the disputed parcel. Although the description in the 1972 deed to defendant includes the disputed parcel, this description does not appear in any prior deed in defendant's chain of title. Based on these title abstracts, a surveyor testified that plaintiff holds title to the disputed parcel and that the deed

measurements supported by the abstracts correspond precisely with the monuments on the face of the earth. Further confirmation is provided by a 1912 survey of defendant's property, a 1973 tax assessor's map for the Town of Arundel, and the location of the boundary line of plaintiff's parcel on the opposite side of Route 1. The Superior Court did not err in locating the boundary line.

Defendant's remaining arguments and defenses are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.